Ruffin, Judge
 

 Taking the deed to the plaintiff to be valid, he is tenant in fee, and a court of law cannot say that his fee is worth less than that of another. The argument for the defendant supposes that an interest remained in the maker of the deed. That is the case where there is a pure trust for a debtor, which can be sold under execution ; but then the legal title is worth nothing, and is wholly divested by the sale. It has been held, that such a case as the present, does not come within the act of 1812.
 
 (Rev.
 
 c. 830,1 and the reason was, that courts of law were incompetent to ascertain and value the trusts. That reason applies equally here; and therefore, the plaintiff was not called on for evidence upon that point. But the strong ground is, that we do not at law, see that ^!e plaintiff is a trustee. We cannot take notice how he g0^ the fee, nor what he intends to do with it. He has it, and' that determines the value of his interest. The ex-jstence of the debts intended to be secured by the deed, ... or their non-existence, has a material operation upon the riuestion fr‘aud in the conveyance, and to that end, they may be entered into. • That determines the validity of the deed ; in other words, whether the grantee is tenant in fee. Admitting him to be so, he is entitled to recover the whole estate. There must therefore be a new trial.
 

 But a new trial would not be granted, if the jury had not found a verdict for the plaintiff for sixpence damages,
 
 *427
 
 wliicb carried the costs. For although the court erred as to the rule of damages, a verdict for the defendant would have stood,because the record shews, that upon another trial, the defendant must have a verdict. This action cannot be maintained for any purpose.
 

 Where the defendant must fi-naily prevail, a 1'¿Mho’ the judgment are°jdaintiff and he appealed.
 

 The vendee 0f land bound by a maintain^" ac-^on against the ing- that land un-niMhe”* chattels of the deienclan1;'
 

 . Su°b an ^action defendant in the
 
 fi
 
 /«•
 

 it was necessary to sell the land upon the plaintiff’s own shewing, since the chattels were not sufficient, had they been applied to this execution. To whom would the sheriff have to account for the surplus, if any ? To
 
 Ama-son,
 
 and not the plaintiff.
 

 But if the chattels had been fully sufficient, it would have made no difference. The conveyance was abso-lately void to all intents and purposes, as against thc judgment and execution, if one make a fraudulent deed, his creditor may at law seise tiie thing conveyed, although there may be other property ; because the whole is void as to him. The creditor cannot indeed go into equity' to clear the title from an alleged fraud, without shewing that it is necessary for his satisfaction; because that court is not to be put into action, if the party can get justice without it, and by the ordinary means of legal process. But where the party can establish the fraud at law, and thus shew the deed there to be void, he is at liberty to do so in the first instance. He asks no favors, and stands on his preferable right. Now' a conveyance after the
 
 teste
 
 of a
 
 fieri facias,
 
 is void, upon the ground that it is fraudulent. So conclusive is the argument, that it is in fraud of the process, that nothing will be heard against it. The fact establishes the intent. The estate then, as respects the plaintiff in the execution and the sheriff, remained to every intent, the estate of
 
 Ama-san,
 
 the defendant in execution ; and neither he, nor any body claiming under him, after execution, can allege any thing to the contrary. If indeed, the defendant in the execution, (admitting that the land remained his,) could shew that the sheriff had injured him by selling that before chattels, lie might. But this is personal between them. It can injure the
 
 legat
 
 rights of no other person. And here, since it took all the property of both kinds, to satisfy the executions, there could be no injury even to
 
 *428
 
 the defendant in the execution. Indeed the sheriff acted in good faith, and made only a just use of his lawful authority, in arranging the property so as to get satisfaction of all the process, as every good sheriff will always do.
 

 Per Curiam. — Judgment reversed.